

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. 0-4192
Re: Does a carnival paying an occupation tax in every county in which it operates come within the provisions of the boxing and wrestling law if said carnival stages boxing and wrestling exhibitions?

Your letter of March 23, 1942, posing the above question is respectfully acknowledged, and said letter is set out in full as follows:

"In order to take proper action on a matter now pending before this Department, please advise me whether or not a carnival, having paid the State occupation tax in every county in which he operates, comes within the provisions of the Boxing and Wrestling Law, if said carnival stages boxing and wrestling exhibitions."

The "Boxing and Wrestling Law" to which your letter makes reference is an act passed by the Regular and First and Second Called Sessions of the 43rd Legislature in 1933 and 1934, and is codified in Vernon's Annotated Penal Code as Article 614-1, et seq. This act legalized and permitted the conducting or maintaining of fistic combats or wrestling matches, boxing or sparring contests in this State under the regulations prescribed by the act and placed the administration of this law under the general supervision of the Commissioner of Labor Statistics. The act exempted from the provisions of the bill certain specified organizations or institutions as more fully appears in the first paragraph of Article 614-1(a), Vernon's Annotated Penal Code, which is as

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"(a) The promoting, conducting or maintaining of fistic combat or wrestling matches, boxing or sparring contests or exhibitions for money remuneration, purses or prize equivalent to be received by the participants or contestants, or where an admission fee thereto or therefor is charged or received, shall be lawful in Texas, except on Sunday, subject to such supervision by the Commissioner of Labor Statistics as such Commissioner possesses over theatres and employees thereof other than performers and under the further provisions hereof; provided, however, that any such contests conducted by educational institutions and/or Texas National Guard units and/or duly recognized amateur athletic organizations shall be exempt from the provisions of this Act as specified under Paragraph (b) of this section."

As you see there is found here no express or implied exemption of carnivals staging such boxing and wrestling exhibitions.

Article 614-3, Vernon's Annotated Penal Code, defines "promoter" as follows:

"Each individual, firm, club copartnership, association, company or corporation which conducts any fistic combat, boxing, sparring or wrestling match, contest, or exhibition is a 'promoter' within the terms of this Act; . . ."

This definition is broad and all inclusive and contains no express or implied exemption of carnivals staging such boxing and wrestling exhibitions, nor are we able to find in any of the other provisions of this statute an express or implied exemption of carnivals staging boxing and wrestling exhibitions based upon the payment by such carnivals of occupation taxes in every county in which it operates, or upon any other basis.

The statute levying and requiring the payment of occupation taxes by carnivals is Article 7047, Subdivision 25(b), Vernon's Annotated Civil Statutes, which is as follows:

"(b) Carnivals - From every carnival, an annual tax of One Hundred Dollars ($100.00), which State Tax shall be due and payable in each and every county in which such carnival shows or exhibits."

This provision of the law contains no express or implied exemption of such carnivals from the provisions of the boxing and wrestling law, and we are unable to find any other statute exempting carnivals from the provisions of such law.

We are therefore constrained to hold that a carnival paying an occupation tax in every county in which it operates comes within the provisions of the boxing and wrestling law if said carnival stages boxing and wrestling exhibitions, and you are respectfully advised that in the opinion of this department your question should be answered in the affirmative.

We trust that the above opinion satisfactorily answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Robt. F. Cherry
Robert F. Cherry
Assistant

RFC:LM

APPROVED APR 8, 1942
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN